OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Walter C. Evans, Jr., filed November 6, 2006. Evans was indicted on July 28, 2003 for two counts of *Page 2 
murder, one count of gross abuse of a corpse and one count of tampering with evidence. Following a jury trial, Evans was found guilty on all four counts. The victim herein was Ursula Coppess, an acquaintance of Evans'. Her body was retrieved from a dumpster in Harrison Township. Coppess had been strangled, she had an abdominal stab wound, and her body had been burned.
 {¶ 2} We affirmed Evans' convictions on direct appeal, and we remanded the matter for resentencing pursuant to State v. Foster,109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856. State v. Evans, Montgomery App. No. 20794, 2006-Ohio-1425.
 {¶ 3} On December 2, 2005, Evans filed a pro se Petition for Post-Conviction Relief. Evans argued that he was unavoidably delayed in obtaining DNA test results from fingernail scrapings of Coppess, and that but for his counsel's ineffective assistance in failing to introduce the results of the DNA report of the fingernail scrapings, no reasonable fact finder would have found him guilty. The DNA report concluded that debris recovered from Coppess' right hand fingernails originated from a female and thereby excluded Evans as the source of the DNA.
 {¶ 4} The State filed a Motion to Dismiss, which the trial court granted. The trial court determined that Evans was not unavoidably prevented from discovering the facts in the report to support his claim for relief; "[t]he fact that he did not have possession of the DNA document does not mean that he was unavoidably prevented from discovering it, or that he was unaware of its contents." Further, the trial court reasoned, even if Evans established that he was unavoidably prevented from discovering the report, Evans could not prove that, but for defense counsel's failure to introduce the document into evidence, no reasonable fact finder would have found him guilty. Finally, the trial court determined that Evans was not entitled to a hearing on his petition *Page 3 
because the petition was untimely and the claims therein were barred by the doctrine of res judicata.
 {¶ 5} Evans asserts two assignments of error which we will consider together. They are as follows:
 {¶ 6} "PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, WHEN COUNSEL FAILED TO PROPERLY INVESTIGATE ANY PRETRIAL DISCOVERY IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 7} And,
 {¶ 8} "THE DEFENDANT-APPELLANT WAS DENIED DUE PROCES S WHEN THE TRIAL COURT RULED HIS PETITION WAS UNTIMELY."
 {¶ 9} "The postconviction relief process permits criminal defendants who allege that their conviction is void or voidable on state or federal constitutional grounds to petition the trial court for an evidentiary hearing. R.C. 2953.21(A). `[T]he petitioner bears the initial burden of submitting evidentiary documents containing sufficient operative facts to demonstrate his claim and merit a hearing.' (Internal citations omitted). a. * *
 {¶ 10} "For our purposes, the Supreme Court has spoken of a `meaningful' and `plain and adequate review' based upon the trial court's findings of fact and conclusions of law. (Internal citation omitted). We must determine as a matter of law whether the record contains competent, credible evidence to support its findings and conclusions. In reaching our conclusion, we are limited to the record before the trial court." State v. Isham, (Aug. 23, 1995), *Page 4 
Montgomery App. No. 15136.
 {¶ 11} The law in Ohio is clear that a petition for post conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * * ." R.C.2953.21(A)(2).
 {¶ 12} R.C. 2953.23 prohibits a trial court from entertaining a late petition unless both of the following provisions apply: "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right," and
 {¶ 13} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * * ."
 {¶ 14} "The doctrine of res judicata also applies to these actions. If a court finds that an issue raised in a petition for postconviction relief has, or should have, been raised in a direct appeal, the trial court may dismiss the petition on grounds of preclusion."Isham.
 {¶ 15} In determining whether a defendant has received the effective assistance of trial counsel, we apply the standards set forth inStrickland v. Washington (1984), 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id., at 686. "A convicted *Page 5 
defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Id., at 687.
 {¶ 16} "The Ohio Supreme Court has enunciated a similar test for determining claims for ineffective assistance of counsel:
 {¶ 17} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard or reasonable representation and, in addition, prejudice arises from counsel's performance. (Internal citations omitted).
 {¶ 18} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. (Internal citations omitted).
 {¶ 19} "In Strickland, supra, the Supreme Court instructed:
 {¶ 20} "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse *Page 6 
sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. (Internal citations omitted). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.' (Internal citations omitted). There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." (Internal citations omitted). State v. Lloyd (Mar. 31, 1999), Montgomery App. No. 15927.
 {¶ 21} "The availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges. Criminal trials resolved unfavorably to the defendant would increasingly come to be followed by a second trial, this one of counsel's unsuccessful defense. Counsel's performance and even willingness to serve could be adversely affected. Intensive scrutiny of counsel and rigid requirements for acceptable assistance could dampen the ardor and impair the independence of defense counsel, discourage the acceptance of assigned cases, and undermine the trust between attorney and client.
 {¶ 22} "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of *Page 7 
the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, supra, at 689-690.
 {¶ 23} Evans filed the transcript of proceedings on February 1, 2005, in the course of his direct appeal. The trial court correctly determined that Evans "should have filed his request for post-conviction relief no later than August 1, 2005," and that the December 2, 2005 petition was untimely. R.C. 2953.21(A)(2).
 {¶ 24} Evans argues that he "needed a crucial peace [sic] of evidence, a DNA report, that was crucial to the issues he wanted to file his Post Conviction relief Petition on, but that DNA report was difficult for the Appellant to obtain and that caused a delay in him filing his Post Conviction Petition." This argument lacks merit. Evans could have learned of the facts contained in the report with reasonable diligence and could have filed his petition without the report itself. In fact, the record suggests that he was aware of those facts well ahead of the deadline for filing his petition. This is evidenced by the fact that, on October 25, 2004, Evans filed a Motion and Memorandum for Mistrial in which he argued in part that "Defense counsel failed to effectively cross-examine Deputy Coroner Lehman regarding material found under the *Page 8 
fingernails of the victim." The trial court further noted that Evans "attached a letter dated August 1, 2005 from Judge Gowdown [to Evans] that stated that the Court was advised by Defendant's trial counsel that Defendant was previously supplied the DNA report." Finally, the court noted that Evans "attached a letter dated September 28, 2004 from the crime lab detailing the evidence received by the crime lab and the results of tests done * * * . Item #43 a and b state that fingernail scrapings were collected which revealed possible skin tissue. The last page of this Crime Lab report states that results of DNA analysis of the fingernail scrapings `will follow in an additional report.' Defendant did not assert that he did not receive this letter dated September 28, 2004 in September of 2004 from his counsel." Clearly, Evans was not "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief," and he accordingly failed to meet the first prong of R.C. 2953.23(A), as the trial court correctly found.
 {¶ 25} Evans argues, "[h]ad Counsel produced those DNA reports as evidence at trial the Appellant would not have been found guilty. Those reports would create doubt in the mind of any reasonable person." The record before us however does not support Evans' claims. The trial court noted that the coroner testified that Coppess could have scraped herself, and there was "no evidence before the Court that counsel did not have the fingernail scrapings tested against the DNA of the victim, or that he did not consult an expert as to the fingernail scrapings. * * * The DNA report is dated prior to the trial date and there [was] no information before the Court that counsel did not have the DNA report at the trial." We agree with the State that defense counsel may simply have made a tactical decision, within the wide range of reasonable professional assistance, not to introduce the report. *Page 9 
 {¶ 26} The State further argues that a reasonable factfinder would have found Evans guilty in the absence of the report due to the overwhelming evidence against him. As we noted in ruling upon Evans' direct appeal, when investigators located Evans, his right hand and forearm were bandaged and he had burns on his right ear and the right side of his bottom lip. During the course of an interview, Evans admitted that he strangled Coppess to death from behind with a scarf while the two were having sex. Evans told investigators that he took Coppess' body to his car, along with her clothing and couch cushions, that he drove to a gas station, purchased gasoline, and then put Coppess and her things in the dumpster and lit the dumpster contents on fire. When the gasoline ignited, it burned Evans. A single edged knife that appeared to have been singed was removed from Evans' car.
 {¶ 27} Evans' petition for post-conviction relief was untimely, he failed to meet his burden under R.C. 2953.23; since the record contains competent, credible evidence to support the trial court's findings and conclusions, and there being no denial of due process, Evans' first and second assignments of error are overruled. Judgment affirmed.
 WOLFF, P.J. and FAIN, J., concur. *Page 1